IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| NICOIS MAFIA FAMILY RECORDS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. CIV-17-304-R |
| OKLAHOMA SECRETARY OF STATE, | ) ) ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Before the Court is the Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] filed by Plaintiff, Nicois Mafia Family Records, LLC (Plaintiff). Pursuant to 28 U.S.C. § 1915(a) Plaintiff seeks leave to proceed in forma pauperis (IFP), without prepayment of fees or security thereof. The Application has been assigned to the undersigned for review. *See Lister v. Dep't of the Treasury*, 408 F.3d 1309 (10th Cir. 2005).

"Section 1915(a) applies to all *persons* applying for IFP status . . . ." *Lister*, 408 F.3d at 1312 (emphasis added).[1] Section 1915 does not apply to artificial entities, including limited liability companies. *Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–02 (1993); *see also Roscoe v. United States*, 134 F. App'x 226, 228 (10th Cir. 2005). Because Plaintiff is a limited liability company and not a natural person, Plaintiff cannot proceed IFP and the Application should be denied. *Id*.

---

[1] Section 1915(a) provides that a district court "may authorize the commencement . . . of any suit [or] action . . . without prepayment of fees or security therefor, by a *person* who submits an affidavit that includes a statement of all assets such prisoner possesses, that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a) (emphasis added).

In this respect, the Court further notes that a limited liability company may not appear pro se, but must be represented by counsel. *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001) ("As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se."); *see also* LCvR 17.1 ("Parties who are not natural persons may not appear pro se."). Thus, the action is further subject to dismissal on this basis. *Cf. Trap King, LLLP v. Mobile Home Park Servs., Inc.*, No. 08-CV-661-CVE, 2009 WL 799269 at *1 (N.D. Okla. March 24, 2009) (unpublished op.) (recognizing that courts "have generally treated *pro se* filings by a corporation as a nullity").

Additionally, the allegations of the Complaint appear to be wholly frivolous. *See Brewer v. City of Overland Park Police Dep't*, 24 F. App'x 977, 979 (10th Cir. 2002) (identifying factors the court may consider to deny IFP status to include "whether the complaint is frivolous or malicious"). A complaint is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

The Complaint, in its entirety, alleges the following:

> False paperwork included items of Trademark filing procedure. I was lied to which I know was a form of discrimination. Trademarks like books literature. Denying me my rights may need to be investigated. She said I could Trademark anything over 264 letters.

*See* Compl. at p. 1.[2] It is unclear from these allegations whether subject matter jurisdiction is proper in this Court. Indeed, the allegations are cryptic and the claim(s) for relief, if any,

---

[2] Attached to the Complaint is a document entitled "Tale of the Nicoise Tree the Official Tale of Ni'Cois Mafia Family Records, LLC." *See* Doc. No. 1-1. The rambling and largely incoherent recitations set forth therein do not further elucidate the nature of the claim(s) for relief brought in this action.

unintelligible.[3]  For all these reasons, it is recommended that Plaintiff be denied leave to proceed in forma pauperis.

## **RECOMMENDATION**

It is recommended that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] be denied.

## **NOTICE OF RIGHT TO OBJECT**

Objections to this Report and Recommendation must be filed with the Clerk of the Court on or before May 2, 2017.  *See* 28 U.S.C. § 636 and Fed. R. Civ. P. 72.  Failure to make timely objections to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein.  *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

ENTERED this 11th day of April, 2017.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE

---

[3] To the extent Plaintiff seeks mandamus relief against the Oklahoma Secretary of State, the Complaint is frivolous.  This Court lacks authority to grant such relief.  *See* 28 U.S.C. § 1361; *see also Jackson v. Standifird*, 463 F. App'x 736, 739 n. 1 (10th Cir. 2012) ("Federal courts have no power to issue writs of mandamus to state officers.").